IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

FILED
MAY - 2 2008
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| Jerry Cook, ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | 1:08cv272 (TSE/JFA) |
| ) | |
| Purdue Pharma, et al., ) | |
|    Defendants. ) | |

MEMORANDUM OPINION

Jerry Cook, a federal inmate housed in the Southern District of West Virginia and proceeding pro se, has filed this civil action against Purdue Pharmaceuticals ("Purdue"), its President and Chief Executive Officer Michael Friedman, its Chief Legal Officer Howard Udell and its Chief Medical Officer Paul Goldenheim. Plaintiff has also filed an application to proceed in forma pauperis. For the reasons stated below, this civil action will be dismissed pursuant to Fed. R. Civ. P. 12(h)(3) for lack of jurisdiction and pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim.

I.

Plaintiff alleges that a doctor referred him to the Dulles Pain Management Center ("center") in Centerville, Virginia, where he was assigned a treating physician. This physician treated plaintiff's chronic neck, shoulder, back and arm pain with the following medications: "oxycontin," Vioxx, Valium, Ambien, Loratab, "skelaxin," Roxicodone, and methadone. Plaintiff's treating physician never advised plaintiff of the potential for addition, yet increased plaintiff's dosages, resulting in plaintiff's addiction to these substances. Plaintiff alleges that in 2002, he again went to center to retrieve his medications and was "arrested by the Federal Government." He was subsequently charged with conspiracy to distribute Oxycontin, Methadone, Hydrochoride and

cocaine and states that he pled guilty on July 13, 2004 to an unspecified crime, for which he was sentenced to 117 months in Federal prison. Plaintiff asserts further that defendants encouraged plaintiff's doctor to dispense "excessive" doses of medication to him while concealing from "critical" information about the potential for abuse and addition of these drugs. Defendants pled guilty on May 10, 2007 in the United States District Court for the Western District of Virginia to "misbranding and concealing the potential for abuse and addiction," admitted to encouraging representatives to over-prescribe medications, and paid a six hundred million dollar fine. In the instant lawsuit, plaintiff asserts that defendants' conduct violates Virginia law, constitutes cruel and unusual punishment in violation of the Eighth Amendment, violates the Consumer Product Safety Act, and the "Public Health and Safety Act." He seeks $2,650,000.00 in damages, a declaration that the defendants are liable to him, and payment in an unspecified amount for "out-patient and in-patient" treatment to "fight the mental aspects" of plaintiff's unwanted addiction.[1]

## II.

Although district courts have a duty to construe the pleadings of pro se litigants liberally, a pro se plaintiff must nevertheless allege a cause of action. Bracey v. Buchanan, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999). In the instant complaint, plaintiff alleges that defendants' conduct violates: 1) the law of the Commonwealth of Virginia, 2) the Eighth Amendment to Constitution, and 3) two federal statutes. Because plaintiff has failed to allege facts sufficient to invoke this Court's jurisdiction on the basis of diversity of citizenship, his claims under Virginia law must be dismissed

---

[1] On the third page of the complaint, plaintiff also states that he blames his "addition and problems with the law to being overprescribed medication, especially oxycontin." To the extent that plaintiff wishes to challenge the validity of his conviction and sentence, the appropriate remedy is a petition for a writ of habeas corpus.

for lack of subject-matter jurisdiction. Plaintiff's Eighth Amendment claim must be dismissed for failure to state a claim because he has failed to allege state action or sue state actors. Finally, plaintiff's claims under the Consumer Product and Safety Act and the "Public Health and Safety Act" must also be dismissed for failure to state a claim.

Claims under Virginia Law

Plaintiff asserts that defendants' conduct violates Virginia law. Because these claims arise entirely under state law, this federal district court may exercise jurisdiction over those claims only in a proper exercise of its diversity jurisdiction. Diversity jurisdiction is proper if the amount in controversy exceeds $75,000.00 and the diversity of state citizenship among the parties is complete. 28 U.S.C. § 1332; see Wisconsin Dep't of Corr. v. Schacht, 524 U.S. 381, 388 (1998); Athena Automotive, Inc. v. DiGregorio, 166 F.3d 288, 290 (4th Cir. 1999). Complete diversity of citizenship exists only where no plaintiff and no defendant are citizens of the same state. See Carden v. Arkoma Associates, 494 U.S. 185, 187 (1990); Strawbridge v. Curtiss, 3 Cranch 267 (1806).

For purposes of determining whether the citizenship of the parties is diverse, a corporation is treated as a citizen of any state where it has been incorporated, as well as the state where it maintains its principal place of business, without regard for the state citizenship of its shareholders. See 28 U.S.C. § 1332(c)(1); Athena Automotive, 166 F.3d at 290. Partnership entities, however, including those entities in the nature of a limited partnership or a limited liability company, are citizens of any state where even one general or limited partner, or, in the case of a limited liability company, one member resides. See Gen. Tech App., Inc. v. Exro Ltda, 338 F.3d 114, 121 (4th Cir. 2002) ("[A] limited liability company ... is not a corporation and cannot be treated as such ... until Congress says otherwise ... [but rather] is an unincorporated association akin to partnership for

3

diversity purposes, whose citizenship is that of its members[.]"); New York State Teachers Retirement Systesm v. Kalkus, 764 F.2d 1015, 1019 (4th Cir. 1985) ("[T]he citizenship of a limited partnership is determined by considering the citizenship of all its partners, both general and limited[.]").

Applying these principles to the instant case, it is clear that plaintiff has not met his burden to show that the parties in this case are completely diverse. See Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 788 (4th Cir. 1991). According to the complaint, plaintiff currently resides at the Federal Correctional Institution Beckley in Beaver, West Virginia. Incarcerated inmates, however, usually retain the domicile they had prior to incarceration. Ownby v. Cohen, 19 F. Supp. 2d 558, 562 (W.D. Va. 1998) (citing Price v. Carr-Price, No. 94-1152, 1994 WL 183468 at FN* (4th Cir. 1994) (affirming dismissal of action brought by prisoner against his wife, noting that diversity jurisdiction exists only when prisoner is domiciled, prior to incarceration, in state other than where defendant resides)). Yet the instant complaint provides no indication of plaintiff's domicile prior to his incarceration. Additionally, the instant complaint, which provides a Stamford, Connecticut address for defendant Purdue, fails to specify whether that defendant is a corporation, a limited liability company, a partnership, or some other kind of business organization. Moreover, although plaintiff alleges that the defendants Friedman, Udell and Goldenheim were employed by Purdue, the instant complaint is silent on the state citizenship and state of residence of each of these individual defendants. Further, the complaint does not disclose whether any or all of these individual defendants were shareholders, partners or members of Purdue. Accordingly, plaintiff has failed to meet his burden to show the complete diversity of citizenship necessary for this Court to exercise subject-matter jurisdiction over plaintiff's state law claims. As such, these claims

must be dismissed. See Fed. R. Civ. P. 12(h)(3).

Claim Under the Eighth Amendment

Next, plaintiff alleges that defendants' conduct violates the Eighth Amendment's prohibition against the imposition of cruel and unusual punishments. To state a cause of action under 42 U.S.C. § 1983,[2] a plaintiff must allege facts sufficient to indicate that he was deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42 (1988). The Eighth Amendment, however, regulates government action, and not the action of private parties; thus, a litigant claiming a violation of constitutional rights must first establish that the conduct he challenges constitutes "state action." United States v. Price, 383 U.S. 787, 794 n.7 (1966). To qualify as "state action," the challenged conduct "must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible" and the "party charged with [such conduct] must be a person who may fairly be said to be a state actor." Lugar v. Edmonson Oil Co., 457 U.S. 922, 937 (1982). Moreover, for private parties to be held liable under § 1983, the plaintiff must allege facts sufficient to show that the private party engaged in a conspiracy with state actors to deprive him of his constitutional rights. See Dennis v. Sparks, 449 U.S. 24 (1980); Adickess v. Kress & Co., 398 U.S. 144, 152 (1970).

The instant complaint utterly fails to meet these standards. Nothing in the instant complaint suggest that defendant Purdue, apparently some kind of business organization or entity, or individual defendants Friedman, Udell and Goldenheim, were exercising any right or privilege created by the

---

[2] Plaintiff does not directly reference 42 U.S.C. § 1983; however, this statutory provision provides the vehicle through which plaintiff may bright a suit to vindicate his constitutional rights.

government or were acting pursuant to any rule of conduct imposed by the government or by a person for whom the government is responsible. Further, nothing in the instant complaint suggests that any of the defendants engaged in a conspiracy with state actors to deprive him of rights protected by the Constitution. As such, plaintiff has failed to state a claim under § 1983, and this claim must be dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii).

### Claims under the Consumer Product Safety Act and the "Public Health and Safety Act"

Next, plaintiff asserts that defendants violated the Consumer Products Safety Act.[3] The Consumer Products Safety Act ("CPSA"), 15 U.S.C. § 2053, et seq. imposes a duty on manufacturers, distributors and retailers of consumer products a duty to inform the Consumer Products Liability Commission ("Commission") of any product that "creates an unreasonable risk of serious injury or death." 15 U.S.C. § 2064(b)(3). Although the CPSA does authorize private civil suits for damages, this private right of action is limited to knowing or willful "violation[s] of a consumer product safety rule, or any other rule or order issued by the Commission." 15 U.S.C. § 2072(a). Thus, the plain language of the statute restricts the private right of action to violations of Commission rules or orders. Nothing in the instant complaint, however, suggests that plaintiff is suing defendants on the basis of their knowing or willful violation of a Commission rule or order. Moreover, a manufacturer, distributor or retailer's failure to disclose product defects as required by

---

[3] Plaintiff references the "Consumer Product Safety Act [,] 42 U.S.C. § 10006." However, the statute codified at 42 U.S.C. § 10006 is part of the Consumer-Patient Radiation Health and Safety Act of 1981. See 42 U.S.C. § 10001, et seq. Section 10006 requires the Secretary of Health and Human Services to ensure States' compliance with certain minimum federal standards for accreditation of the education programs for persons who administer radiologic procedures. Nothing in the instant complaint suggests that plaintiff is in any way attempting to raise a claim under the Consumer-Patient Radiation Health and Safety Act of 1981. Accordingly, the Court construes his complaint as brought pursuant to 15 U.S.C. § 2053, et seq., the Consumer Products Safety Act.

15 U.S.C. § 2064 does not give rise to a private cause of action under 15 U.S.C. § 2072 to any person who alleges that he was injured by reason of such failure to report. See Morris v. Coleco Indus., 587 F.Supp. 8, 9 (E.D.Va. 1984). As such, to the extent that plaintiff is raising such a claim in this lawsuit, he has failed to state a claim under the CPSA.

Finally, plaintiff asserts that defendants' conduct violates the "Public Health and Safety Act" which he asserts is codified at 42 U.S.C. §300. However, 42 U.S.C. § 300, which is part of Title X of the Public Health Service Act, authorizes the Secretary of Health and Human Services to make direct grants to public or nonprofit private entities to assist in the establishment and operation of voluntary family planning projects. Nothing in the instant complaint suggests that plaintiff is seeking relief under that provision. Further, the Court knows of no federal act, public law, or provision of the United States Code which could be characterized as the "Public Health and Safety Act."[4] Accordingly, these allegations fail to state a claim upon which relief can be granted.[5]

---

[4] In 2002, Canada's Yukon Territory enacted legislation known as the Public Health and Safety Act. See R.S.Y. 2002, c. 176. But such a provision is inapplicable to the instant lawsuit.

[5] Moreover, because plaintiff has failed to allege a basis for this Court to exercise its jurisdiction over questions of federal law, the Court declines to exercise supplemental jurisdiction over plaintiff's state-law claims.

## IV.

For the foregoing reasons, plaintiff's state-law claims will be dismissed for lack of subject matter jurisdiction and plaintiff's remaining claims will be dismissed for failure to state a claim. An appropriate Order shall issue.

Entered this 24 day of _____May_____ 2008.

Alexandria, Virginia

_____/s/_____
T. S. Ellis, III
United States District Judge